**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **MIGUEL A. DURAN,** ) <br>       **Plaintiff** ) <br> ) <br> **v.** ) <br> ) <br> **LIFE INSURANCE COMPANY OF** ) <br> **NORTH AMERICA,** ) <br>       **Defendant** ) | **CIVIL ACTION NO.:** |

## COMPLAINT

The Plaintiff, MIGUEL A. DURAN (hereinafter "DURAN"), by and through the undersigned counsel, hereby sues Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter "LINA"), and alleges:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. DURAN brings this action to recover long-term disability ("LTD") benefits due to his under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. DURAN was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINA is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and is transacting business in the Commonwealth of Massachusetts and can be found in the Commonwealth of Massachusetts.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINA, is authorized to and is doing business in the Commonwealth of Massachusetts and can be found in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to DURAN by LINA.

6. DURAN was at all times material an employee of EZCORP, Inc.

7. DURAN was at all times material a plan participant under the EZCORP, Inc. Long-Term Disability Plan, Group Policy No.: LK-0963441 (the "LTD Plan") which is established by EZCORP, Inc. and pursuant to which DURAN is entitled to benefits. A true copy of the LTD Plan has been attached hereto as **Exhibit "A."**

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINA is the insurer of benefits under the LTD Plan and was appointed by EZCORP, Inc. the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected LINA's claims determination. As such, LINA is not entitled to a deferential standard of review.

11. LINA is the Fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on DURAN'S claim.

12. Pursuant to the terms and conditions of the LTD Plan, DURAN is entitled to LTD benefits for the duration of his disability, for so long as he remains disabled as required under the terms of the LTD Plan.

13. The LTD Policy states, in relevant part, as follows:

**Definition of Disability/Disabled**
The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
1. unable to perform the material duties of his or her Regular Occupation; and
2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
2. unable to earn 60% or more of his or her Indexed Earnings.

The Insurance Company will require proof of earnings and continued Disability.

14. Since approximately March 9, 2015 DURAN has been disabled under the terms of the LTD Plan.

15. After becoming disabled, DURAN submitted a claim to LINA under the LTD Plan for disability benefits.

16. LINA, initially approved DURAN's claim based on his own occupation.

17. By letter dated January 4, 2017 LINA notified DURAN of their decision to deny his LTD benefits.

18. By letter dated December 4, 2017 DURAN timely appealed LINA's adverse benefit determination.

19. By letter dated March 16, 2018 LINA affirmed their decision to deny DURAN's LTD benefits.

20. By letter dated September 12, 2018 DURAN timely submitted a second level appeal of LINA's adverse benefit determination.

21. By letter dated March 11, 2019 LINA upheld its adverse determination and advised DURAN that he had exhausted all administrative levels of appeal and no further appeals will be considered. LINA also advised that DURAN had the right to bring legal action.

22. At all relevant times, DURAN has been unable to perform the material duties of his regular occupation.

23. At all relevant times, DURAN has been unable to perform the material duties of any gainful occupation for which he is, or may reasonably become, qualified for based on education, training, or experience.

24. At all relevant times, DURAN has been receiving appropriate care.

25. At all relevant times, DURAN was a Covered Person under the LTD Plan.

26. From June 7, 2017 to the present date, DURAN has not received benefits owed to him under the LTD Plan, despite DURAN'S right to these benefits.

27. LINA has refused to pay DURAN LTD benefits.

28. At all relevant times, LINA was the payer of benefits.

29. At all relevant times, LINA was the "Insurance Company" identified throughout the LTD Plan.

30. At all relevant times, LINA was appointed by EZCORP, Inc., the Plan

Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

31. At all relevant times, DURAN has been and remains "Disabled" as defined by the LTD Plan and entitled to LTD benefits from LINA under the terms of the LTD Plan.

32. DURAN has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

33. DURAN incorporates Paragraphs 1 through 32 as if fully set forth herein.

34. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B).

35. Pursuant to 29 U.S.C. §1132(a)(1)(B), DURAN, as an eligible participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

36. DURAN has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of LINA's failure to pay his disability benefits.

37. DURAN has exhausted all administrative remedies under the LTD Plan.

38. LINA breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to DURAN at a time when LINA knew, or should have known, that DURAN was entitled to those benefits under the terms of the LTD Plan, as DURAN was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of DURAN'S claim for LTD benefits;

(c) After DURAN'S claim was terminated in whole or in part, LINA failed to adequately describe to DURAN any additional material or information necessary for DURAN to perfect his claim along with an explanation of why such material is or was necessary.

(d) LINA failed to properly and adequately investigate the merits of DURAN'S disability claim and failed to provide a full and fair review of DURAN's claim.

39. DURAN believes and thereon alleges that LINA wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions of which DURAN is presently unaware, but which may be discovered in this future litigation and which DURAN will immediately make LINA aware of once said acts or omissions are discovered by DURAN.

40. Following the termination of benefits under the LTD Plan, DURAN exhausted all administrative remedies required under ERISA, and DURAN has performed all duties and obligations on his part to be performed under the LTD Plan.

41. As a proximate result of the aforementioned wrongful conduct of LINA, DURAN has damages for loss of disability benefits in a total sum to be shown at the time of trial.

42. As a further direct and proximate result of this improper determination regarding DURAN's claim for benefits, DURAN, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), DURAN is entitled to have such fees and costs paid by LINA.

43. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, DURAN is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, MIGUEL A. DURAN prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: June 27, 2019

        ATTORNEYS DELL AND SCHAEFER, CHARTERED
        Attorneys for Plaintiff
        2404 Hollywood Boulevard
        Hollywood, FL 33020
        Telephone: (954) 620-8300

*S/ Jay P. Symonds*
JAY P. SYMONDS
BBO No: 637972
Email: jay@diattorney.com
GREGORY MICHAEL DELL
BBO No: 677565
Email: gdell@diattorney.com